UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LESTER JOHNSON, #168554,

       Petitioner,

v.                                         CASE NO. 15-14233
                                          HONORABLE ARTHUR J. TARNOW

THOMAS MACKIE,

       Respondent.
_____/

**OPINION AND ORDER
SUMMARILY DISMISSING THE HABEAS PETITION
AND DENYING PETITIONER'S MOTIONS FOR RELEASE
ON BOND AND FOR IMMEDIATE REVIEW OF HIS CLAIMS**

      State prisoner Joseph Lester Johnson ("Petitioner") recently filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254.  The habeas petition challenges Petitioner's 1985 conviction for second-degree murder.  Petitioner previously filed a federal habeas corpus petition challenging the same conviction, and the United States Court of Appeals for the Sixth Circuit has denied Petitioner's requests for permission to file a second or successive habeas petition.  The Court therefore must dismiss the current petition for lack of jurisdiction.

### I. Background

### A. State Court Proceedings

      Following a bench trial in 1985, a judge in the former Recorder's Court for the City of Detroit, Michigan found Petitioner guilty of second-degree murder, Mich. Comp. Laws § 750.317.  The judge sentenced Petitioner to life imprisonment, and the Michigan

Court of Appeals affirmed Petitioner's conviction and sentence. *See People v. Johnson*, No. 87847 (Mich. Ct. App. Sept. 15, 1988). On April 4, 1990, the Michigan Supreme Court denied leave to appeal. *See People v. Johnson*, No. 84327 (Mich. Sup. Ct. Apr. 4, 1990). In the years that followed, Petitioner filed several unsuccessful motions for relief from judgment in the state trial court.

### B.  Federal Court Proceedings

In 1990, Petitioner filed his first habeas corpus petition in this District. He argued that the prosecutor withheld a key prosecution witness's criminal record and that the state trial court refused to hold an evidentiary hearing on whether the witness committed perjury at Petitioner's trial. Former United States District Judge Horace W. Gilmore denied the petition on the basis that the alleged error was harmless. *See Johnson v. Prelesnik*, No. 90-cv-71484 (E.D. Mich. Dec. 10, 1990).

In 1995, Petitioner filed another habeas corpus petition, claiming that he was denied effective assistance of trial and appellate counsel. Judge Gilmore dismissed the petition as a second or successive petition and as an abuse of the writ. *See Johnson v. Pitcher*, No. 95-76196 (E.D. Mich. Feb. 25, 1997) (unpublished). The Court of Appeals for the Sixth Circuit denied a certificate of appealability. *See Johnson v. Pitcher*, No. 97-1402 (6th Cir. Nov. 4, 1997).

More recently, Petitioner applied three times to the Sixth Circuit Court of Appeals for permission to file another habeas corpus petition. In each of the three applications, he claimed to have recently obtained a transcript of his co-defendant's trial, which showed

that it was his co-defendant, and not Petitioner, who ordered an eyewitness to remove the victim's pants and empty his pockets. The Sixth Circuit denied all three of Petitioner's applications to file another habeas petition. *See In re Joseph Lester Johnson*, No. 15-1477 (6th Cir. Oct. 22, 2015); *In re Joseph Lester Johnson*, No. 14-2348 (6th Cir. Mar. 23, 2015); *In re Joseph Lester Johnson*, No. 14-1421 (6th Cir. Sept. 5, 2014).

### C. The Current Habeas Corpus Petition

On December 2, 2015, the Clerk of the Court received and filed Petitioner's current petition. As a ground for relief, Petitioner alleges that, in 2013, he obtained a copy of the transcript of his co-defendant's trial and discovered that the prosecution's key witness in that case testified that it was Petitioner's co-defendant who ordered her to remove the deceased victim's pants and empty his pockets. Petitioner contends that this testimony contradicts the same witness's testimony in his case that Petitioner ordered her to remove the victim's pants and empty his pockets. Because the prosecutor's theory was that Petitioner aided and abetted the man who shot the victim, Petitioner claims that the transcript of his co-defendant's trial is new evidence of his innocence.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "limits a prisoner's right to file a 'second or successive' habeas petition in federal court." *King v. Morgan*, 807 F.3d 154, __ No. 13-4189, slip op. at 3 (6th Cir. Dec. 1, 2015). As explained in *Burton v. Stewart*, 549 U.S. 147 (2007), AEDPA

> established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must

3

> follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby*, 545 U.S. 524, 529-530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); *see also Felker v. Turpin*, 518 U.S. 651, 656-657, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

*Id.* at 152-53. A habeas petition is considered "second or successive" for purposes of 28 U.S.C. § 2244(b) if the initial petition was decided on the merits. *In re William Garner*, 612 F.3d 533, 535 (6th Cir. 2010) (citing *In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000)).

Judge Gilmore decided Petitioner's first habeas corpus petition on the merits when he determined that the claimed error was harmless. Thus, the pending petition is a second or successive petition for purposes of § 2244(b)(3)(A). Furthermore, as noted above, the Court of Appeals for the Sixth Circuit has denied Petitioner permission to file a second or successive habeas petition raising his claim about the eyewitness's testimony at Petitioner's co-defendant's trial.

Because Petitioner has not received authorization from the Court of Appeals to file his petition, this Court has no jurisdiction to consider Petitioner's claim. *Burton v. Stewart*, 549 U.S. at 157. Accordingly, the petition for writ of habeas corpus is summarily DISMISSED for lack of jurisdiction. Petitioner's "Motion for Release on Bond" and his "Motion for Emergency Appeal"[1] are DENIED.

                S/Arthur J. Tarnow
                Arthur J. Tarnow
                Senior United States District Judge

Dated: January 14, 2016

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 14, 2016, by electronic and/or ordinary mail.

                S/Catherine A. Pickles
                Judicial Assistant

---

[1] Neither motion is listed on the docket for this case, as both motions are contained within the habeas corpus petition.