UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LESTER JOHNSON, #168554,

        Petitioner,

v.                                    CASE NO. 15-14233
                                       HONORABLE ARTHUR J. TARNOW

THOMAS MACKIE,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS FOR CONTINUATION [5] AND FOR RELATION BACK [6]

### I. Introduction

On December 2, 2015, petitioner Joseph Lester Johnson commenced this action by filing a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenged Petitioner's 1985 Wayne County conviction for second-degree murder, Mich. Comp. Laws § 750.317. Petitioner's sole ground for relief was that a key prosecution witness in his case (Edith Gibson) committed perjury at his trial. Petitioner explained that, in 2013, he obtained a copy of the transcript of his co-defendant's trial and discovered that Ms. Gibson testified at his co-defendant's trial that the co-defendant ordered Gibson to remove the deceased victim's pants and empty his pockets. Petitioner contended that this testimony contradicted Ms. Gibson's testimony at his trial where she testified that Petitioner
ordered her to remove the victim's pants and empty his pockets. Because the prosecutor's theory was that Petitioner aided and abetted his co-defendant, Petitioner claimed that Ms. Gibson's testimony at his co-defendant's trial was new evidence of his innocence.

*Johnson v. Mackie*, No. 15-14233

On January 14, 2016, the Court dismissed the petition because it was a second or successive petition under 28 U.S.C. § 2244(b) and because the United States Court of Appeals for the Sixth Circuit had already denied Petitioner's requests for permission to file a second or successive habeas petition raising the same claim. Currently before the Court are Petitioner's "Motion for Continuation of Petitioner's Numerically Second Petition" (ECF No. 5) and Petitioner's "Motion for Relation Back Amendment Pursuant to Rule 15(c)" (ECF No. 6).

## II.  Discussion

### A. The Motion for Continuation of Petitioner's Numerically Second Petition

Petitioner states in a supporting brief that, after he filed his Motion for Continuation, he discovered that the motion was not the correct motion to file. Consequently, he has asked the Court to adjudicate his Motion for Relation Back rather than his Motion for Continuation. In light of this request, the Court denies as moot Petitioner's Motion for Continuation of Petitioner's Numerically Second Petition (ECF No. 5).

### B. The Motion for Relation Back Amendment Pursuant to Rule 15(c)

In his Motion for Relation Back and supporting brief, Petitioner seeks to amend his first habeas corpus petition, *see Johnson v. Prelesnik*, No. 90-71484 (E.D. Mich. May 29, 1990), with two arguments and to have the arguments relate back in time to 1990, when Petitioner filed his first petition. The first argument that Petitioner seeks to relate back to 1990 alleges that the prosecution in his state criminal case knew or should have known that Edith Gibson committed perjury at his trial. The alleged perjury was Ms. Gibson's testimony that she had no prior convictions and that no one promised her anything for her testimony against Petitioner. *See*

*Johnson v. Mackie*, No. 15-14233

Brief in Support of Relation Back Amendment Pursuant to Rule 15(c), at 9, ECF No. 7, Pg ID 406.  Petitioner claims to have new evidence proving that the prosecution knew or should have known that Ms. Gibson had a criminal record and that she committed perjury at Petitioner's trial when she denied having a criminal record.

The second argument that Petitioner seeks to relate back to 1990 alleges that Ms. Gibson perjured herself when she testified at Petitioner's trial that Petitioner ordered her to remove the victim's pants and empty his pockets.  Petitioner claims to have new evidence that the witness testified in his co-defendant's trial that the co-defendant ordered her to remove the victim's pants and empty his pockets.  *See id*., Pg ID 409.

Under Federal Rule of Civil Procedure 15(b)(2), "[a] party may move – at any time, even after judgment – to amend the pleadings to conform them to the evidence and to raise an unpleaded issue."  However, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for state prisoners to file habeas petitions under 28 U.S.C. § 2254.

Petitioner relies on Federal Rule of Civil Procedure 15(c)(1), which states that

[a]n amendment to a pleading relates back to the date of the original pleading when:

. . . .

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading . . . .

3

*Johnson v. Mackie*, No. 15-14233

Fed. R. Civ. Proc. 15(c)(1)(B). Petitioner also points out that relation back is proper "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

Petitioner appears to believe that his arguments relate back in time to his 1990 habeas petition because the arguments arise out of the same occurrence set forth in his 1990 habeas petition. Petitioner's 1990 petition, however, is closed, unlike the situation in *Mayle* where the petitioner moved to amend a pending habeas petition. When, as here, the initial habeas petition was dismissed, "the 'relation back' doctrine is inapplicable . . . because there is no pleading to which to relate back." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000)(citing *Jones v. Morton*, 195 F.3d 153, 160–61 (3d Cir. 1999); *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999)); *accord Raspberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) (acknowledging that "the relation back doctrine does not apply where the previous habeas petition was dismissed because there is nothing to which the new petition could relate back")(citing *Henry v. Lungren* 164 F.3d at 1241); *Neverson v. Bissonnette*, 261 F.3d 120, 126 (1st Cir. 2001) (stating that "Rule 15(c) simply does not apply where, as here, the party bringing suit did not seek to 'amend' or 'supplement' his original pleading, but, rather, opted to file an entirely new petition at a subsequent date"). As explained in *White v. Dingle*, 616 F.3d 844 (8th Cir. 2010),

> [t]here are persuasive theoretical and practical justifications for this outcome. Theoretically, there is nothing to which such an amendment can relate back, because the dismissed petition is no longer pending. From a technical standpoint, the original petition no longer exists and it is as if the original petition had never been filed. *See Neverson v. Bissonnette*, 261 F.3d 120, 126 (1st Cir. 2001). From a practical standpoint, permitting relation-back risks "eviscerat[ing] the AEDPA limitations period and thwart[ing] one of AEDPA's principal purposes," which was to expedite federal habeas review. *Graham v. Johnson*, 168 F.3d 762, 780 (5th Cir.1999). Courts rightly fear that permitting relation-back would allow

4

>petitioners to use an original petition as a placeholder, thereby indefinitely tolling the statute of limitations.  The end result of such an approach would be an exception that threatens to swallow the entire rule.

*Id*. at 847.

Petitioner's 1990 petition was denied on December 10, 1990, and the case was closed for statistical purposes on the same day.  There is no pending case to which Petitioner's arguments can relate back.  Accordingly, the Court denies Petitioner's Motion for Relation Back Amendment Pursuant to Rule 15(c) (ECF No. 6).

<div style="margin-left:3em">

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

</div>

Dated: June 6, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 6, 2016, by electronic and/or ordinary mail.

<div style="margin-left:3em">

S/Catherine A. Pickles
Judicial Assistant

</div>