UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LESTER JOHNSON,

        Petitioner,

v.                                          CASE NO. 15-14233
                                            HONORABLE ARTHUR J. TARNOW

THOMAS MACKIE,

        Respondent.

_____/

**ORDER**
**GRANTING PETITIONER'S MOTIONS TO ATTACH EXHIBITS**
(ECF Nos. 10 and 11),
**DENYING PETITIONER'S MOTION TO ALTER**
**OR AMEND THE JUDGMENT** (ECF No. 9),
**AND**
**GRANTING IN PART AND DENYING IN PART PETITIONER'S**
**MOTION FOR EMERGENCY REVIEW** (ECF No. 12)

### I.  Introduction

On December 2, 2015, petitioner Joseph Lester Johnson commenced this action

by filing a *pro se* habeas corpus petition under 28 U.S.C. § 2254.  *See* ECF No. 1.

The habeas petition challenged Petitioner's 1985 Wayne County conviction for

second-degree murder.  *See* Mich. Comp. Laws § 750.317.

Petitioner's sole ground for relief in his habeas petition was that a key

prosecution witness in his case (Edith Gibson) committed perjury when she testified

against him at his criminal trial.  Petitioner alleged that he learned of the perjury in

2013 when he obtained a copy of the transcript from his co-defendant's trial and

discovered that Ms. Gibson testified at his co-defendant's trial that the co-defendant

ordered Gibson to remove the deceased victim's pants and empty his pockets.

Petitioner asserted that this testimony contradicted Ms. Gibson's testimony at his trial

where she testified that Petitioner ordered her to remove the victim's pants and empty

his pockets.  Because the prosecutor's theory was that Petitioner's co-defendant shot

the victim, but that Petitioner aided and abetted his co-defendant, Petitioner claimed

that Ms. Gibson's testimony at his co-defendant's trial was new evidence of his

innocence.

On January 14, 2016, the Court summarily dismissed the habeas petition

because it was a second or successive petition to a habeas petition that Petitioner filed

in 1990[1] and because Petitioner had not received permission from the Court of

Appeals to file the petition.  *See* ECF No. 3.  Petitioner subsequently filed a "Motion

for Relation Back Amendment Pursuant to Rule 15(c)."  *See* ECF No. 6.  Petitioner

indicated in his motion that he wanted to have his current claims relate back in time to

1990, when he filed his first habeas petition.  The Court denied Petitioner's motion

because Petitioner's 1990 habeas case was closed and there was no pending case to

---

[1] *See Johnson v. Prelesnik*, No. 90-71484 (E.D. Mich. May 29, 1990).  The
first petition was dismissed on the basis that the claimed error was harmless.

Petitioner also filed a habeas corpus petition in 1995.  The second petition
was dismissed as an abuse of the writ.  *See Johnson v. Pitcher*, No. 95-76196 (E.D.
Mich. Feb. 25, 1997).

which Petitioner's arguments could relate back.  *See* ECF No. 8.  Currently pending

before the Court are Petitioner's motion to alter or amend the judgment, Petitioner's

motions to attach exhibits, and his motion for emergency review.

## II.  Analysis

### A.  The Motions to Attach Exhibits (ECF Nos. 10 and 11)

The Court begins its analysis with Petitioner's motions to attach exhibits to his

motion to alter or amend the judgment.  The exhibits appear to be:  (1) a small portion

of the transcript of Edith Gibson's testimony at Petitioner's co-defendant's trial; and

(2) an excerpt from Petitioner's second habeas corpus petition.  Petitioner alleges that

the exhibits will help the Court resolve the question of whether he should be

permitted to relate his arguments back to a previous habeas petition.

The Court cannot attach the exhibits to Petitioner's motion to alter or amend

the judgment, but the exhibits have been filed as separate documents in this case, and

the Court will consider the exhibits when ruling on Petitioner's motion to alter or

amend the judgment.  The Court therefore grants Petitioner's motions to attach

exhibits (ECF Nos. 10 and 11).

### B.  The Motion to Alter or Amend (ECF No. 9)

Petitioner appears to want the Court to alter or amend its order denying his

motion to relate his claims back to one of his previous habeas petitions.  Petitioner

brings his motion under Federal Rule of Civil Procedure 59(e), which permits a party

to move to alter or amend a judgment within twenty-eight days after entry of the

judgment.  The Court entered its order denying Petitioner's motion to relate back on

June 6, 2016, and Petitioner filed his motion to alter or amend the order on June 22,

2016.  Thus, the motion to alter or amend the prior order is timely.

The purpose of a Rule 59(e) motion "is to allow the court to reevaluate the

basis for its decision."  *Keyes v. Nat'l R. R. Passenger Corp.*, 766 F. Supp. 277, 280

(E.D. Pa. 1991).  "A district court may grant a Rule 59(e) motion to alter or amend

judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3)

an intervening change in controlling law; or (4) a need to prevent manifest injustice.'

"  *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting

*Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).  This standard is

consistent with this District's "palpable defect" standard in its Local Rules.  *Id.*

Under Local Rule 7.1, the Court generally

will not grant motions for rehearing or reconsideration that merely
present the same issues ruled upon by the court, either expressly or by
reasonable implication. The movant must not only demonstrate a
palpable defect by which the court and the parties and other persons
entitled to be heard on the motion have been misled but also show that
correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3) (E.D. Mich. July 1, 2013).

Petitioner has not shown that the Court committed a palpable defect or a clear

error of law when it denied his motion for relation back of his claims.  He also has not

produced any newly-discovered evidence or cited an intervening change in the law since the Court denied his motion for relation back.

Although Petitioner does allege that he is the victim of a fundamental miscarriage of justice and is actually innocent of second-degree murder, he is merely rehashing a claim that he raised in his habeas petition and in his motion to relate back. Furthermore, according to one of Petitioner's exhibits, Ms. Gibson testified at Petitioner's co-defendant's trial that both Petitioner and his co-defendant ordered her to empty the victim's pockets.  Ms. Gibson also testified that both men took the drugs and money which were in the victim's pants pockets and that Petitioner suggested shooting the victim a second time.  *See* Mot. to Attach Exhibits, ECF No. 11, Pg ID 525-27.

The Court concludes that Petitioner has not established a credible claim of actual innocence.  Therefore, it is not necessary to alter or amend the Court's previous order to prevent manifest injustice.  Accordingly, the motion to alter or amend the judgment (ECF No. 9) is denied.

### C.  The Motion for Emergency Review (ECF No. 12)

In his fourth and final motion, Petitioner seeks to have the Court review his case immediately and to release him on bond pending a decision on whether his claim of false testimony relates back to his prior habeas petition.  Petitioner's motion is granted in part and denied in part. The request for immediate review of this case is

granted, but the request for release on bond is denied because Petitioner has not raised

a "substantial question," and he has not demonstrated that some circumstance makes

his case "exceptional and deserving of special treatment in the interests of justice."

*Aronson v. May*, 85 S. Ct. 3, 5 (1964).

### III.  Conclusion

For the reasons given above, the Court rules as follows:

• the motion to alter or amend the judgment (ECF No. 9) is denied;

• the motions to attach exhibits (ECF Nos. 10 and 11) are granted;

• the motion for emergency review (ECF No. 12) is granted in part and denied

in part.  The request for immediate consideration of Petitioner's case is granted, but

the request for release on bond is denied.

<div style="margin-left:40%">

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

</div>

Dated: July 21, 2016